ESTATE OF DONALD ZIMMERMAN, DECEASED, JONATHAN WAYNE ZIMMERMAN, EXECUTOR, AND EDITH ZIMMERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent; JONATHAN ZIMMERMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Estate of Zimmerman v. Commissioner
Docket Nos. 30981-83, 30984-83.
United States Tax Court
T.C. Memo 1985-259; 1985 Tax Ct. Memo LEXIS 373; 49 T.C.M. (CCH) 1616; T.C.M. (RIA) 85259; May 30, 1985. Allen Kanter an Alan Morgan, for the petitioners. *376 Judy Jacobs, for the respondent. PANUTHOS
MEMORANDUM OPINION PANUTHOS, Special Trial Judge: These consolidated cases were assigned pursuant to the provisions of section 7456(d) [1] and Rule 180 [2], et seq., and submitted fully stipulated under Rule 122. Respondent determined deficiencies in petitioners' 1980 Federal income tax as follows: Docket No.
Deficiency
30981-83
$7,253.49
30984-83
2,807.20
The issue for decision is whether the proceeds of petitioners' sale of stock in Custom Met, Inc. to Rogers Metal Processing, Ltd. are ordinary income or whether petitioners properly treated the proceeds as long term capital gain. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Illinois at the time of filing their petitions in this case. Petitioner Jonathan Zimmerman is the son of Donald Zimmerman. Custom Met, Inc. was organized as a corporation *377 under Illinois law on February 20, 1976. Upon incorporation, Donald Zimmerman was the sole owner of all the issued and outstanding stock in Custom Met, Inc. On September 8, 1978, Donald Zimmerman transferred 33 1/3 percent of the issued and outstanding stock in Custom Met, Inc. (hereinafter Custom Met) to his son Jonathan Zimmerman. Rogers Metal Processing Corp. was organized under Illinois law on June 12, 1961. On July 23, 1976, Zimmerman Metal Processing Company, Ltd. (hereinafter Zimmerman Metal) was organized under Illinois law. Four days later, on July 27, 1976, Zimmerman Metal acquired 100 percent of the issued and outstanding stock of Rogers Metal Processing Corp. On December 7, 1976, Rogers Metal Processing Corp. was dissolved and all the assets transferred to Zimmerman Metal. A change of name was filed for Zimmerman Metal to change the name to Rogers Metal Processing, Ltd. (hereinafter Rogers Metal). As of December 7, 1976, Donald Zimmerman was the owner of 100 percent of the issued and outstanding stock in Rogers Metal. In January of 1977, Donald Zimmerman sold portions of his interest in Rogers Metal to various employees. Thereafter stock ownership in Rogers *378 Metal was as follows: Donald Zimmerman
80 percent
Jonathan Zimmerman
5 percent
Virginia Holda
5 percent
Ducamond Chaitaigne
5 percent
Linda Jean Downar
5 percent
In 1980 Jonathan Zimmerman demanded that Donald Zimmerman cease spending any time on Custom Met matters; in addition, he demanded that Donald Zimmerman transfer the equipment, goodwill, trade name, and all other assets of Custom Met to Rogers Metal. During 1980, the Board of Directors of Rogers Metal was comprised of Donald Zimmerman, an unrelated minority shareholder, Virginia Holda, and a third party with no stock interest in either company, Allen Kanter. In August of 1980, by a resolution adopted by all the directors of Rogers Metal, 100 percent of the issued and outstanding stock of Custom Met, was acquired by Rogers Metal for $35,824.14. Donald and Jonathan Zimmerman each treated the sale of stock in Custom Met to Rogers Metal as a long term capital gain on their 1980 income tax returns. Petitioners contend that the sale of their stock in Custom Met is a redemption of stock under section 304(a)(1), and that the redemption should be treated as a distribution in payment in exchange for *379 the stock because of the application of section 302 (a) and (b)(1). Respondent agrees that the sale of the stock in Custom Met to Rogers Metal should be treated as a redemption pursuant to section 304(a)(1) and that the redemption must be analyzed under section 302. He argues, however, that the redemption proceeds must be treated as a taxable dividend under section 301. Generally, sale of stock in a corporation to a related corporation (other than a subsidiary) is treated as a redemption if the terms of section 304(a)[3] are met. One of the tests to be met under section 304(a)(1) is whether one or more persons are in control of each of the two corporations. [4] Under section 304(c)(2) the attribution rules of section 318 apply in determining control. [5] Since Donald Zimmerman owned 66 2/3 percent of all stock in Custom Met, and his son Jonathan Zimmerman owned 33 1/3 percent of Custom Met stock, under the attribution rules of section 318 the stock held by each of them is attributed to the other. Prior to the sale of the stock, both Donald and Jonathan Zimmerman were in control of Custom *380 Met. [6] Thus, section 304(a)(1) recasts the stock sale as a redemption. *381 In examining the transaction under section 302(b), section 304(b)(1) states that any determination made under section 302(b) must be made with reference to the stock of the "issuing corporation." The issuing corporation is Custom Met. See Cox v. Commissioner,78 T.C. 1021, 1024 (1982). Whether the distribution by Rogers Metal is treated as payment in exchange for stock or a dividend depends upon the application of section 302(a) and (b). The attribution rules of section 318(a) apply in determining ownership of stock for purposes of section 302. Sec. 302(c). United States v. Davis,397 U.S. 301, 307 (1970). Section 302(a) provides that a distribution of property to a shareholder by a corporation in redemption of stock will be treated as an exchange of such stock if the redemption falls within one of the four categories enumerated in section 302(b). See Seda v. Commissioner,82 T.C. 484, 487 (1984). If the redemption fails to qualify in any *382 of the categories, then the redemption is treated as a dividend distribution to the extent of corporate earnings and profits. Sections 301 and 302(d); Seda v. Commissioner,supra, at 487; Cox v. Commissioner,supra, at 1025. Petitioners claim eligibility only under section 302(b)(1) which states that a redemption will be treated as an exchange if it is not essentially equivalent to a dividend. Resolution of this issue depends upon the facts of each case. Estate of Runnels v. Commissioner,54 T.C. 762 (1970); section 1.302-2(b), Income Tax Regs. Petitioners assert that acquisition of the stock in Custom Met by Rogers Metal was motivated by strong business reasons and was an attempt to protect their joint investment interests. They contend that their primary purpose was not to avoid payment of taxes. This is, however, no longer the critical inquiry under section 302(b)(1). As the Supreme Court has plainly stated, the business purpose behind a redemption is irrelevant in determining whether the redemption *383 is essentially equivalent to a dividend. United States v. Davis,supra at 312. See Coates v. Commissioner,55 T.C. 501, 514 (1970), affd. 480 F.2d 468 (9th Cir. 1973), cert. denied, 414 U.S. 1045 (1973). According to Davis,the relevant inquiry is instead whether the corporate distribution of property results in a meaningful reduction of a shareholder's proportionate interest in the corporation. United States v. Davis,supra at 313; Cox v. Commissioner,supra at 1025. In the instant case, there has been no meaningful reduction of petitioners' proportionate interests in Custom Met. After application of the attribution rules, each petitioner is attributed with ownership of 85 percent of stock in Custom Met. Although there were three other minority shareholders and petitioners no longer had total control, a reduction in interest of only 15 percent is not a meaningful reduction where no real threat is posed to petitioners' control of Custom Met, the corporation. In reality, *384 petitioners' control of Custom Met is essentially unaltered. See, Paparo v. Commissioner,71 T.C. 692, 701 (1979); Brams v. Commissioner,734 F.2d 290, 294-295 (6th Cir. 1984), affg. T.C. Memo. 1983-25. [7]
The redemption of stock in Custom Met is essentially equivalent to a dividend. Petitioners apparently do not contest that the earnings and profits of Rogers Metal were sufficient to render a $35,824.14 distribution. See section 304(b)(2)(A) and section 301. Therefore the entire amount of the proceeds received by petitioners from the sale of stock of Custom Met to Rogers Metal constitutes a taxable dividend to them and is treated as ordinary income. Decisions will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue, unless otherwise indicated. ↩
2. All Rule references are to the Tax Court Rules of Practice and Procedure.↩
3. Section 304(a) provides: (1) Acquisition By Related Corporation (other than subsidiary). -For purposes of sections 302 and 303, if- (A) one or more persons are in control of each of the two corporations, and (B) in return for property, one of the corporations acquires stock in the other corporation from the person (or persons) so in control, then * * * such property shall be treated as a distribution in redemption of the stock of the corporation acquiring such stock. * * * ↩
4. See n.3, supra.↩
5. Section 318(a). (a) General Rule. - For purposes of those provisions of this subchapter to which the rules contained in this section are expressly made applicable - (1) MEMBERS OF FAMILY. (A) In General. - An individual shall be considered as owning the stock owned, directly or indirectly, by or for - * * * (ii) his children, grandchildren, and parents. ↩
6. Section 304(c)(1)↩ defines control as ownership of stock possessing at least 50 percent of the total combined voting power of all classes of stock entitled to vote, or at least 50 percent of the total value of shares of all classes of stock.
7. See also Schaefers v. Commissioner,T.C. Memo. 1984-627↩.